Wendy J. NORVILLE Plaintiff–
Appellant–Cross–Appellee,

v.

STATEN ISLAND UNIVERSITY HOS-
PITAL, Defendant–Appellee–
Cross–Appellant.

Nos. 03–9293, 04–0161.

United States Court of Appeals,
Second Circuit.

Oct. 8, 2004.

Gregory Antollino, New York, NY, for Appellant.

Michael J. Volpe (Kevin J. McGill and Jennifer M. Marrinan), Clifton, Budd & DeMaria, LLP, New York, NY, for Appellee, of counsel.

Present: MINER, CABRANES and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff Wendy J. Norville appeals the judgment entered by the Court following a jury verdict finding defendant Staten Island University Hospital ("SIUH") liable for its termination of plaintiff's employment in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.* ("ADA"). This is not the first time these parties have appeared before this Court regarding this dispute, and this order assumes familiarity with our earlier opinion and the facts presented therein. *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89 (2d Cir.1999).

When first before this Court, plaintiff appealed an order of the District Court that entered a jury verdict in defendant's favor. *Id.* This Court vacated that verdict because the District Court had failed adequately to instruct the jury on what would constitute a "reasonable accommodation" under the ADA. *Id.* at 98–101.

Now having successfully argued her case to a jury with the appropriate jury instruction, plaintiff challenges (1) the

District Court's order vacating the jury's $5 million punitive damages award; (2) the District Court's remittitur order reducing the jury's compensatory damages award from $575,000 to $30,000; and (3) the District Court's calculation of the prejudgment interest rate. Defendant cross-appeals and asks that we revisit (1) the District Court's denial of defendant's Federal Rule of Civil Procedure Rule 50(b) motion for judgment as a matter of law on the issue of defendant's liability; (2) the District Court's entry of the jury's back-pay award; (3) the District Court's order awarding plaintiff benefits time pay, front pay, and prejudgment interest; (4) the District Court's seating of a juror over defendant's objection; and (5) certain evidentiary rulings of the District Court.

We affirm the District Court's judgment in all respects.

■ As to defendant's Rule 50(b) motion for judgment as a matter of law on the issue of defendant's liability, defendant argues that the District Court erred in upholding the jury's verdict. Principally, defendant contends that plaintiff was judicially estopped from claiming that she would have been able to perform her job with reasonable accommodation because plaintiff applied for, and received, benefits from a private disability insurance company, receipt of which required plaintiff to check a box indicating that she was totally disabled. The Supreme Court rejected this line of argument in *Cleveland v. Policy Mgmt. Sys., Corp.*, 526 U.S. 795, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999), and held that a plaintiff who receives disability benefits need only "explain why [a statement of total disability made for the purpose of receiving disability benefits] is consistent with her ADA claim that she could perform the essential functions of her previous job, at least with reasonable accommodation." *Id.* at 798 (internal quotation

marks omitted). Here, as the District Court found, plaintiff put forth a sufficient explanation by testifying at trial that she could, with a reasonable accommodation, have performed the essential functions of a radiology nurse, and "the juries were able to reconcile [the disability insurance records] with plaintiff's position."

■ With respect to defendant's further contention that judgment as a matter of law in SIUH's favor is still appropriate because plaintiff did not demonstrate that she was a "qualified individual with a disability," the District Court has three times considered and three times rejected this argument. Since we likewise hold that the evidence plaintiff presented at trial was legally sufficient to sustain the jury's conclusion that plaintiff was a "qualified individual with a disability," *see Lyons v. Legal Aid Soc'y*, 68 F.3d 1512, 1515 (2d Cir. 1995), we uphold the jury's finding and decline to overturn its verdict on appeal.

■ We also concur in the District Court's judgment that plaintiff did not present sufficient evidence to support her contention that SIUH discriminated against her "with malice or with reckless indifference" as required to sustain an award of punitive damages. *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 101 (2d Cir.2001) (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 529–30, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999)). And we further affirm the District Court's order remitting the jury's compensatory damages award to $30,000. We have reviewed the cases plaintiff cites in support of her contention that she presented sufficient evidence of pain and suffering at trial to warrant the jury's larger compensatory damages award, but do not find that the facts and circumstances of this case similarly warrant such substantial damages.

We do, however, hold that plaintiff was entitled to, and appropriately awarded, back pay, front pay, benefits pay, and prejudgment interest. Because we hold that the District Court did not abuse its discretion in applying the prejudgment interest rate provided by 28 U.S.C.1961(a), we affirm that aspect of the judgment as well.

Finally, we hold that defendant's evidentiary and jury selection complaints are without merit.

&ast; &ast; &ast; &ast; &ast; &ast;

We have considered the parties' claims and find each of them to be without merit. The judgment of the District Court is therefore **AFFIRMED**.